## No. 9422.

### G. CORRAL & CO. VS. ECLIPSE TOWBOAT COMPANY.

A party who brings an action must have an actual interest which he pursues.

Hence a ship agent cannot personally recover damages which he charges to have been caused to vessels consigned to him on account of overcharges on towage, when the amounts alleged to have been overcharged were paid by the owners or charterers of the vessels themselves.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*Bayne & Denègre* for Plaintiffs and Appellees.

*E. D. Craig* for Defendant and Appellant:

1. Plaintiffs, suing exclusively for their own benefit, in order to recover, must have an interest in the damages claimed at the institution and during the pendency of the suit. C. P., Art. 15; 1 Rob., 470; 5 A., 263.

2. Agents cannot recover for their principals unless they set up in their pleadings that the suit is instituted on behalf of their principals, and must disclose the names of said principals in their pleadings. 24 A., 18; 28 A., 412.

3. The putting of a debtor in default is, under our law, a condition precedent to the recovery of damages for the violation of a contract. The want of it need not be pleaded, and can at any time be taken advantage of. C. C , 1912; 6 Martin N. S., 229; 3 Rob., 403; 9 Rob., 501.

4. Where there are two parties to a contract and there exists a condition binding upon one of the said parties precedent to the fulfilling the contract by the other, which condition requires the former obligor to do a certain thing on the occurrence of a certain event, and which requires a notice to be given to his obligee of said event, in order that said obligee may know when to act in order to fulfill his part of the contract, and the said obligor neglects to give the said notice as conditioned, the obligee is not bound and cannot be held as having been put in mora, so as to render him liable for the damage because of his passive disregard of the contract. Art. 1913, C. C.; 3 Rob., 403; 11 A., 300.

5. When it is a condition in a contract for towage that the vessel to be towed must sail to the bar in the Gulf of Mexico at the mouth of the Mississippi river, and then give

notice of said arrival to the owners of the towboat, the condition must be *expressly* complied with in order to put the owners in default, and a different notice stating that the vessel had sailed, or was expected to sail, from Havana to New Orleans, and without stating the time of her arrival at the bar, does not fulfill the condition. Arts. 1903 and 1913 C. C.

6. The interests of various parties, distinct and separate, united in the same cause of action by a party plaintiff, would be a misjoinder of parties, and not admissible.

7. When the true intent of a contract or any stipulation thereof. is not ambiguous, but is well understood, according to the rules of legal interpretation and language, it must have the effect of law upon the parties, which none but the parties, mutually, can abrogate or modify; neither equity nor usage can be resorted to to restrain that intent, and the courts are bound to give legal effect thereto, according to the true intent of all parties. Compare Arts. C. C. Nos. 1901, 1903, 1913, 1945 and 1963.

*T. Gilmore & Sons* on the same side.

---

The opinion of the Court was delivered by

POCHÉ, J. Defendants prosecute this appeal from a judgment condemning them to pay to plaintiff $4329.88 for an alleged violation of a contract, by which they had bound themselves to tow to the city of New Orleans from the Gulf of Mexico and back again, for a term of one year from July 11, 1882, all the vessels which would come to this port on consignment to plaintiffs, at a stipulated price per tonnage for the round trip.

The amount claimed by plaintiffs and allowed by the District Court consists of the sum of $40, spent by them as counsel fees in some litigation growing out of defendant's alleged violation of their contract, and of the difference in towage dues paid by them on vessels consigned to plaintiffs during the year, and the price of such dues as fixed by the contract.

Among other defences, the defendant company urges that under their pleadings plaintiffs have shown no personal rights to claim and recover the amount which forms the judgment of the District Court. In our opinion that defence should have prevailed, and the judgment of the lower court is therefore erroneous. The evidence, which consists, in the main, of plaintiffs' own testimony, shows to our entire satisfaction that the various amounts which form the basis of their demand were paid directly by the owners or charterers of the vessels which were consigned to plaintiffs during the time covered by the contract, and that therefore they incurred no losses on that score through the alleged violation of the contract by the defendant company.

Plaintiffs have utterly failed to allege in their petition, or to intimate in their testimony, that they were pressing this claim as agents, or for the use and benefit of the owners or charterers of the respective

vessels, on which the burden of the alleged overcharges fell and to whom they are due, if recoverable at all.

In his testimony the senior member of plaintiffs' firm distinctly states that he actually or personally lost nothing through the transaction which he declares upon, and that his only losses consist in the loss of business on account of his failure to secure cheap towage on vessels which would in that event have been consigned to him, and whose owners were thereby deterred from consigning to this port, under the control of his firm.

His testimony is clear on that point, and proves beyond a doubt that he has no personal cause of action in claiming the various amounts which form the basis of his demand. Hence plaintiffs cannot maintain their present action, although in a proper action, on proper showing, they may be legally entitled to recover such damages as they may show in consequence of decrease of business as a result of the defendant's alleged violation of its contract, and to that end we shall reserve their rights under our decree.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered that plaintiffs' demand be rejected and that their action be dismissed as in the case of non-suit, at their costs in both courts.

Judgment reversed.