Succession of Widow A. D. Tureaud v. L. Gex, Administrator of R. Many, deceased.

No. 2010.—SUCCESSION OF WIDOW A. D. TUREAUD v. L. GEX, Administrator of R. MANY, deceased, Opponent.

When an heir becomes the joint proprietor of, mortgageable hereditary property, the mortgage resulting from the recording of a judgment against him attaches to his part or portion thereof, subject to the prior debts and mortgages of the succession. The enforcement of such mortgage is dependent upon the final settlement of the succession.

Where succession property has been sold at probate sale, the mortgage creditors may pursue the funds arising from the sale by way of third opposition to the account of the administrator, and have their mortgage rights recognized, and enforced against the proceeds of the sale of the mortgaged property, the same as they could against the property itself before the sale.

APPEAL from the District Court, parish of St. James. *Beauvais*, J. *Berault & Legendre*, for plaintiff and appellant. *Gaudet & Roman*, for defendant and appellee.

HOWELL, J. At the partition suit of the heirs of age, the District Judge ordered all the property (being immovable) of the succession of the widow A. D. Tureaud, declared to be held in common by the legal heirs, to be sold in block, which brought $100,000 payable according to the decree, $40,000 cash, and the balance in three equal installments, each payment divided into as many notes as the *administrator* required for the purpose of making a partition thereof among the heirs. After the sale the administrator, one of the heirs, filed a final account of his administration, showing a balance in cash of $33,000, and notes amounting to $60,000 in his hands for partition among the heirs, of which he made and filed along with the above account, what he termed a "tableau of partition," allotting a sum of $18,600 to each heir, and he prayed that public notice of the filing of both, with his prayer for discharge be given; that the heirs be severally cited, that after due proceedings the account and "tableau" be homologated; that he be authorized to settle with the heirs and all concerned agreeably thereto, and that upon filing evidence of settlement with the said heirs and all concerned, he be discharged.

The homologation of said account and tableau was opposed by L. Gex, administrator of R. Many, deceased, a creditor by judgment duly recorded, of Emile Tureaud, one of the said heirs, on the ground that the recording of his said judgment against said Emile Tureaud, prior to the sale for partition, operated as a judicial mortgage on all the property of the said debtor, and entitled him to be paid the amount thereof out of the portion accruing to the latter; and he prayed that the administrator of the succession of widow Tureaud be condemned to pay the amount of said judgment, interest and costs accordingly.

The administrator of this succession excepted to the petition of opposition; that it showed no cause of action and no claim against the estate of widow Tureaud or the administrator, and answered that, upon receiving the price of the property sold, and reserving the sum necessary to pay the debts then outstanding and charges of the estate, the amount of cash and notes accruing to said Emile Tureaud by said

tableau of partition was paid over to him long previous to the filing of this opposition; that as administrator he was not bound to take notice of the pretended judicial mortgage against said Emile Turead; that at the time of making the distribution among the heirs as aforesaid, the case of the said Gex, administrator, v. E. Tureaud, in which the alleged judgment was rendered, was on appeal in the Supreme Court, and that in no capacity had he the right to withhold from said E. Tureaud any sum to pay such judgment as might be rendered in said suit; and he called in warranty the said Emile Tureaud, who filed a general denial to the opposition, defended the administrator in his course of distributing the funds among the heirs without taking cognizance of any proceeding or process instituted by the opponent, denied the right of the latter, being no creditor of this succession, to intervene in this cause, and prayed that the opposition be dismissed and the account be homologated.

The exception was maintained, and the opponent appealed.

We would remark here that the fact of the partition being made by the administrator, and his call upon all persons concerned to show cause why his account of administration and "tableau of partition" should not be homologated, and the funds distributed and paid accordingly, may make this case one *sui generis;* and the question we are called on by the parties to decide upon the exception is, does the opponent, under the law, disclose a right of action or a right to demand, in this form of proceeding, to be paid the amount of his judgment against one of the heirs, duly recorded before the sale for a partition, out of the portion of the proceeds of the immovable hereditary property in the hands of the administrator, and according to his said judgment debtor?

The answer to this question depends on the solution of the primary question whether or not a judicial mortgage attaches to the undivided share of an heir in the mortgageable property of a succession.

Some doubt is cast upon this point in the opinion of two of the judges in giving the decision of the majority of the court, in the case of Voorhies v. DeBlanc, 12 A. 864; but an examination of that case will show that the point was not decided, nor was it directly presented.

The right of a coheir or coproprietor to create a *conventional* mortgage on his undivided share of immovable property has been frequently recognized and enforced. See 12 R. 450; 3 A. 542; 9 A. 212; 12 A. 236; 19 A. 167; C. C. 3268, 1434. This last article provides that the heir to whose share an immovable or other thing susceptible of mortgage has fallen, is not bound by the mortgages which his coheirs may have given on their individual shares of the same previous to the partition, and these mortgages are dissolved of right, except upon the property which falls to the heirs who have given the mortgages, if the property is susceptible of being mortgaged. Article 3268 implies that one having a right that is suspended by a condition, or may be extinguished in certain cases, may agree to a mortgage subject to the same condition and liable to the same extinction.

NEW ORLEANS, APRIL, 1869.                    255

Succession of Widow A. D. Tureaud v. L. Gex, Administrator of R. Many, deceased.

The heir being considered seized of the succession from the moment of its being opened, the right of possession, which the deceased had, continues in the person of the heir, as if there had been no interruption and independent of the *fact* of possession; and each of several heirs becomes an undivided proprietor of the effects of the succession for the part or portion coming to him, which forms among the heirs a community of property as long as it remains undivided.   C. C. 936, 1214.

Now, article 3290 declares that the judicial mortgage takes effect from the day on which the judgment is pronounced, if it has been duly recorded; and article 3296 says the judicial mortgage may be enforced against all the immovables which the debtor actually owns at the date of the recording, or may subsequently acquire.

When, therefore, an heir becomes the joint proprietor of mortgageable hereditary property, the mortgage resulting from the recording of a judgment against him attaches to his part or portion thereof, subject, however, to the prior debts and mortgages of the succession, and its enforcement is dependent upon the final settlement of the succession.

In this case the record shows, as to the point under consideration, that Emile Tureaud was a proprietor in common with his coheirs, of the hereditary property, which was all immovable, and according to the foregoing principles, the judgment in favor of the opponent having been recorded *prior to the sale*, operated as a judicial mortgage on his share.   A similar principle is recognized in the case of the Union Bank *v.* Marin, 3 A. 34, 36, where it is distinctly announced that the legal mortgage of minors attaches on the undivided share of their tutor in the immovables of a succession as soon as he accepts it, subject to the right of priority of the creditors of the succession.   Article 3362 C. C. makes no distinction as to the kind of mortgage, whether conventional, legal or judicial, and it provides that the mortgages shall be paid out of the funds according to their rank.

The next, or the original question here arises, as to the right of the creditor with a judicial mortgage to claim, by way of opposition, as done here (which we liken to a third opposition), the funds in the hands of the administrator accruing to his judgment debtor, and is not without difficulty.

If the property had been partitioned in kind, the mortgage in question would have attached to and could have been enforced against the share allotted to the judgment debtor.   C. C. 1434; Acts of 1855, p. 337. And if the mortgage were conventional, it would, according to the interpretation given to the above article and statute, in the succession of Pigneguy, 12 R. 450, have been raised from the property and attached to the proceeds.   This doctrine has been reaffirmed in 9 A. 212, and 12 A. 236, and is recognized in the case of DeBlanc *v.* Dumastrait, 3 A. 546.   But the rule is deemed by some to be different as to general mortgages, and the articles 710 *et seq.* C. P. said to apply.   In Lecar-

pentier *v.* Lecarpentier, 5 A. 499, it is said, the act of 1843, p. 44, re-enacted 1855, p. 337, is not applicable to licitations under which the property is adjudicated to a party having previously no interest in it, and the intimation in Union Bank *v.* Marin, 3 A. 36, that a public sale under a consent decree caused the minor's mortgage to attach to the proceeds, was declared to have originated in a misreading of the act of 1843. But in Fabre *v.* Hepp, 7 A. 9, it was held that the sale under an order of the court of the tutor's property, with the undivided interest of his deceased spouse, released the mortgage in favor of the minor as to all the property, which doctrine Mr. Justice Rost, who dissented at the time, said in 7 A. 612, had become a rule of property, and should be respected. These conflicting views, it will be seen, arose in contests with the purchasers of the property sold, which was sought afterwards to be held liable to the general mortgages; and the difficulty may probably be considered as waived or removed in this case by the mortgagee's pursuing the proceeds instead of the property. And after anxious and mature deliberation, we have concluded that the opponent herein has set out in his petition a cause of action—a right to be paid out of the funds which the administrator declares, in his tableau and petition, are in his hands as belonging and to be paid over to Emile Tureaud, the judgment debtor of the opponent, and which, under the pleadings and facts of this case, must be held to be liable in his hands to the demand of the opponent.

If the mortgage attached to the property, and was raised therefrom by the sale under an order of court, it would seem to be a legal sequence that it attached to the proceeds in the hands of the administrator, and the mortgagee entitled thereto, may take legal steps to recover them. And the right of creditors of heirs to intervene in the proceedings for a partition is not unknown to our law. Article 1342 C. C. expressly accords it to creditors holding mortgages created by the donee on property to be collated, in order to oppose the collation which may injure their rights.

It is therefore ordered that the judgment appealed from be reversed; that the exception of the administrator, Tureaud, be overruled, and this cause remanded to the lower court to be proceeded in according to law, on the opposition of L. Gex, administrator of R. Many, deceased. Costs of appeal to be paid by the appellees.