For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., does not take part.

LAND, J., absent.

181 So. 187

## GALLOWAY (SOUTHERN UNDERWRITERS, Intervener) v. WYATT METAL & BOILER WORKS.

No. 34724.

April 4, 1938.

Rehearing Denied May 2, 1938.

Irion & Switzer, of Shreveport, for relators J. H. Galloway and Southern Underwriters.

Wilkinson, Lewis & Wilkinson, of Shreveport, for respondent Wyatt Metal & Boiler Works.

ROGERS, Justice.

This case is before us on a writ directed to the Court of Appeal, Second Circuit, to review its opinion and decree, affirming the judgment of the First judicial district court, parish of Caddo, sustaining a plea to that court's jurisdiction ratione personae. 180 So. 206.

The suit is one in personam to recover damages for personal injuries suffered by plaintiff when defendant's truck collided with a truck on which plaintiff was riding, about a mile southeast of the town of Rodessa, in Caddo parish, La.

Defendant, Wyatt Metal & Boiler Works, is a Texas corporation, and, since it has not appointed an agent in this state for the service of process, plaintiff brought suit under Act No. 86 of 1928, as amended by Act No. 184 of 1932, and, as provided in the statute, cited defendant through the secretary of state.

Defendant's plea to the jurisdiction of the court is predicated on its contention that the accident in which plaintiff was injured did not occur on any highway of the state.

Act No. 86 of 1928, as amended by Act No. 184 of 1932, according to its title is, "An act providing for civil process against nonresidents in cases arising out of the operation of motor vehicles within the State of Louisiana."

And in the body of the act it is provided that the acceptance by a nonresident of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the state, or the operation by a nonresident or his authorized employee of a motor vehicle on the highways other than under said laws, shall be deemed equivalent to an appointment by the nonresident of the secretary of state as agent for the service of process in any action or proceeding growing out of any accident or collision in which the nonresident, or his authorized employee, may be involved while operating a motor vehicle on such highways.

The accident in which plaintiff was injured occurred on a sandy road which has been in public use for many years. The road runs from the Rodessa-Myra Highway to a large oak tree, which is shown in the photographs in evidence, then curves to the left and continues down to Black bayou. The road also leads to the pumping plant owned and operated by the Magnolia Petroleum Company. A number of persons live along and in the vicinity of the road and it has been and is used by them in going to and from their homes and by the public generally in going to and from the bayou and the oil pumping plant.

Defendant argues that the provisions of Act No. 86 of 1928, as amended by Act No. 184 of 1932, are applicable only to accidents or collisions involving motor vehicles operated by nonresidents or their employees when they occur on a public highway, and that, since the evidence shows the accident in which plaintiff was injured occurred on private property or a private road, plaintiff's suit is not sanctioned by the legislative act.

Defendant's argument, which prevailed in the district court and in the Court of Appeal, is founded upon the proposition that Act No. 86 of 1928, as amended, being a law in derogation of common right, must be strictly construed.

■ But defendant's argument overlooks the obvious purpose for which the law was enacted. It is a matter of common knowledge that the movement of motor vehicles over the public roads and streets is always attended by serious dangers to the general public. And it is not unreasonable to believe that the members of the Legislature, recognizing that the ability to enforce civil as well as criminal penalties is a valuable aid to securing law observance, sought in the interest of the public safety to provide by statute a method for establishing and enforcing the financial responsibility of nonresidents for accidents growing out of the negligent operation of their motor vehicles within the state.

■ The purpose of the statute is to place nonresident operators of motor vehicles coming into this state on the same basis, with the same obligations, duties, and responsibilities, as resident operators of such vehicles. And the statute effects its purpose by requiring nonresidents to answer for their acts in this state if the causes of action against them arise here, as well as by providing claimants with a convenient means of judicially enforcing their claims.

The construction that defendant seeks to place upon the statute is entirely too narrow, and, if admitted to be correct, will defeat the purpose for which the statute was enacted.

Defendant's argument admits that, if the collision in which plaintiff was injured had occurred on the Rodessa-Myra Highway where it is joined by the road on which the collision actually occurred, the statute would apply and the courts of this state would be vested with jurisdiction of plaintiff's action. But because the accident occurred on the side road rather than on the main highway, defendant's argument denies that the

statute applies and that the courts of this state are vested with jurisdiction to hear and determine plaintiff's suit.

■ The construction of a statute which produces such an unreasonable result cannot be approved. Courts are not required to construe, and will not construe, a statute so as to defeat its purpose or to produce a result that is not within the legislative intent. On the contrary, the courts will construe a statute so as to accomplish the purpose for which it was enacted and to give effect to the legislative will.

As we have pointed out, the purpose of the statute under review was to provide a remedy in the courts of Louisiana against a nonresident motor vehicle operator who, personally or by his authorized agent, inflicts injuries with his motor vehicle within the territorial limits of this state.

■ We think that the term "public highways" as employed in the body of Act No. 86 of 1928, as amended, is broad enough in its ordinary acceptation to include every way for travel by persons on foot or with vehicles which the public has the right to use either conditionally or unconditionally. The term is employed in the statute as synonymous with the term "public roads." The very nature of a highway presupposes that it is open to the public, i. e., a "highway" is a "public road." Therefore, the term "public highway" is a tautological expression meaning simply "public road." 29 C.J., 367.

■■ The general law relative to the nature and use of highways is stated in Corpus Juris, vol. 29, at page 366, as follows, viz.:

"Highways are public ways as contradistinguished from private ways. The distinguishing mark of a highway is that it must be opened generally to public use, as expressed in the English books, 'common to all the king's subjects,' although it is the right to travel upon a highway by all the world and not the exercise of the right which makes the highway. Its character is not determined by the number of persons who actually use it for a passage; if it is open, it is immaterial that but few individuals are in a position to make use of it, or that one person is most benefitted by it; and its character as a highway is not affected even by the fact that it furnishes access or egress to but a single property owner. The term "public highway" is a tautological expression, since a highway is a passage, road or street, which every citizen has a right to use, and is, therefore, necessarily public. * * *"

"The mode of its creation does not of itself determine its character."

"The ownership of a highway is immaterial in determining its character as such; in legal contemplation it may be a highway, whether it is one owned by a private corporation or one owned by the government, or a government corporation."

■ A public road or highway is defined by Blashfield in Volume 1, of his Encyclopedia of Automobile Law and Practice, Permanent Edition, § 3, as follows, viz.:

"A public road is a way open to all the people, without distinction, for passage and repassage at their pleasure. It is a public thoroughfare, and statutes regulating the

operation of automobiles on the highways in the interest of public safety will ordinarily be construed to include all ways used by public right for public travel * * *."

Under article 705 of the Civil Code a public highway or public road is defined as follows, viz.:

"Public roads are those which are made use of as highways, which are generally furnished and kept up by the owners of estates adjacent to them."

And under article 706 of the Civil Code a private road is defined as follows, viz.:

"Private roads are those which are only open for the benefit of certain individuals, to go from and to their homes, for the service of their lands, and for the use of some estate exclusively."

It is not seriously disputed that the road on which the collision in which plaintiff was injured occurred is not maintained for the benefit of particular individuals nor restricted to the use of any estate exclusively. Hence, there can be no serious contention that the road in question is a private road. On the contrary, since the evidence is clear that the road is, and always has been, open to public use, there can be no serious contention that it is not a public road or public highway.

It may be true, as argued by the defendant, that the road in question has never been dedicated nor expropriated as a public road, and it may also be true that the road is on property owned by the Magnolia Petroleum Company, which corporation may, at any time, close the road to public use. But these circumstances of themselves do not, and cannot, deprive the road of its character as "a public road" or "public highway" within the meaning of Act No. 86 of 1928, as amended.

The manner of its creation and the nature of its ownership are immaterial in determining the public character of the road.

The road enjoys the character of a public road, although it may be owned by a private corporation and may not have been legally established as a public road. It is open to the use by the public for the purpose of vehicular and other traffic in going to and from the oil pumping plant, the bayou, and the homes situated along the road and in its vicinity. In these circumstances, it not only comes within the definition of a public road or highway as distinguished from a private road as those terms are defined in the articles of the Civil Code, but also comes within the meaning of a public highway as that term is used in the legislative act.

The evidence shows that the defendant used the Rodessa-Myra Highway and the road here in question to arrive at the place where the collision occurred. As in legal contemplation both highway and road are public thoroughfares, the statute invoked by plaintiff is plainly applicable and under its provisions the courts of this state are clearly vested with jurisdiction of plaintiff's suit.

For the reasons assigned, the judgment of the Court of Appeal affirming the judgment of the district court is annulled, and it is now ordered that the defendant's exception to the jurisdiction of the court ratione

personae be overruled and that this case be remanded to the district court for further proceedings according to law; defendant to pay the costs of this proceeding; all other costs to await the final disposition of the suit.