

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Stansell Bryan
District Attorney
Waco, Texas

Dear Sir:

Opinion No. O-3508
Re: Whether or not the State High-
way Department has authority,
under House Bill 77 of the 47th
Legislature, to fix the rate
of speed at less than the maxi-
mum on county roads which con-
nect with designated State
highways.

Your request letter of May 3, 1941, reads in part as follows:

"The County Commissioners Court of this
County is anxious to have the Highway Commis-
sion establish the speed limit on portions of
the County Road in this County at less than
the maximum speed provided by law under recent
House Bill No. 77 and under Section 6 thereof;
said bill now being Article 827a, Section 8 of
Vernon's Annotated Penal Code.

"The Highway Commission has declined to so
fix such limit by reason of the fact that such
highway is not a part of the State Highway System,
but is a County Road, and it is the opinion of
the State Highway Department that they do not
have the authority to fix speed limits on County
Roads.

". . ."

"The inquiry is: 'Does the State Highway
Department have authority to fix the rate of
speed at less than the maximum on County Roads
which connect with designated State Highways
under the provisions of the bill referred to?'"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Stansell Bryan, Page 2

The authority of the State Highway Commission, touching the subject-matter of your letter, rests in the following provisions of House Bill 77:

"The State Highway Commission shall have the power and authority upon the basis of an engineering and traffic investigation to determine and fix the maximum, reasonable and prudent speed at any road or highway intersections, railway grade crossings, curves, hills, or upon any other part of a highway, less than the maximum hereinbefore fixed by this Act, taking into consideration the width and condition of the pavement and other circumstances on such portion of said highway as well as the usual traffic thereon. That whenever the State Highway Commission shall determine and fix the rate of speed at any said point upon any highway at a less rate of speed than the maximum hereinbefore set forth in this Act and shall declare the maximum, reasonable and prudent speed limit thereat by proper order of the Commission entered on its minutes, such rate of speed shall become effective and operative at said point on said highways when appropriate signs giving notice thereof are erected under the order of the Commission at such intersection or portion of the highway." (Emphasis ours)

It is observed that House Bill 77 does not employ the term "State designated highway" or the expression "highways which are a part of the State Highway System" or terms of similar restrictive import. Instead, the term "public highways", "highway", "a highway" and "any highway" are used.

It is our opinion that the Legislature did not intend to restrict the provisions of House Bill 77, relating to the question before us, to State designated highways as distinguished from county highways and roads.

The term "highway" is generic, including all public ways. The phrase "public highway" is a tautological expression since all highways are necessarily public.

It was held in Williams v. Carroll, 182 S. W. 29, 30, (reversed in part on other grounds, 202 S. W. 504) that

Honorable Stansell Bryan, Page 3

"'Street' generally means a passageway within the bounds of a municipal corporation, while 'road' means a county highway forming a communication between the city limits of one city or town and the city limits of another city or town" and, further, that while a street is a highway, it is not necessarily true that a highway is a street.

In Fletcher v. Bordelon, 56 S. W. (2d) 313, 317, it was said:

"The streets of cities are public highways, and under the primary control of the Legislature."

In Wood v. State, 45 S. W. (2d) 599, the Court of Criminal Appeals of Texas considered appellant's contention that the road upon which he was alleged to have driven an automobile while in a state of intoxication was not a public road within the contemplation of the law. In the course of its opinion the court observed as follows:

"Our own statutes throw light upon the question. . . . It will be observed that the offense of which appellant is convicted is one of those embraced in Chapter 1, Title 13 of the Penal Code. Article 6700 is found in Chapter 1, Title 116, R. C. S. relating to state highways. In the same chapter and title, Article 6701, Section (g), is found the following language: 'Public highway' shall include any road, street, way, thoroughfare or bridge in this State not privately owned or controlled, for the use of vehicles, over which the State has legislative jurisdiction under its police power."

In Phillips v. Henson, 30 S. W. (2d) 1065, 1068, 326 Mo. 282, it was held that the word "highway", as used in statutes requiring persons operating motor vehicles to use the highest degree of care, included all highways traveled by the public, regardless of their legal status.

In Wood v. Town of Concord, 167 N. E. 311, 312, 268 Mass. 185, it was held that the word "highway" connotes in some connections, and perhaps technically, a public way, original jurisdiction to lay out which is in county commissioners, but in other connections is used comprehensively to include all kinds of public ways.

Honorable Stansell Bryan, Page 4

In Crocker v. Jett, Mo. App., 93 S. W. (2d) 74, 76, it was held that the word "highway", as used in a statute relating to the operation of automobiles on public highways, was used in its popular, rather than in its technical, sense, and was intended to include all highways traveled by the public regardless of their legal status.

In Powell Bros. Truck Line v. Platt, C. C. A. Oklahoma, 92 Fed. (2d) 879, 882, it was held that the term "highway" is a name for all kinds of public ways, including county and township roads, streets and alleys, turnpikes and plank roads, railroads and tramways, bridges and ferries, canals and navigable waters; in short, that every public thoroughfare is a highway.

In Galloway v. Wyatt Metal & Boiler Works, 181 So. 187, 189 La. 857, it was pointed out that highways are public ways as distinguished from private ways, the distinguishing mark of a highway being that it is open generally to public use.

There is no language in the quoted provisions of House Bill 77 of the Forty-seventh Legislature indicating any intent on the part of the Legislature to restrict the use of the term "highway". In the absence of any such limitation we are unwilling to attribute to the Legislature an intent to regulate only State designated highways as to the rate of speed of vehicles and as to reasonable driving regulations, and leave unregulated and unrestricted the driving of motor vehicles on county roads or county highways not strictly a part of the State Highway System.

We conceive the purpose of the Legislature in the enactment of House Bill 77, and of its provisions applicable to the question at hand, to be to achieve safety on the highways and roads in Texas. We believe that the Legislature intended to empower the State Highway Commission, upon the basis of an engineering and traffic investigation, to determine and fix the reasonable and prudent speed of motor vehicles on county highways and county roads when such becomes necessary and desirable for the safety of all the users thereof.

It is therefore the opinion of this department, in answer to your specific question, that the State Highway Department does have authority, under House Bill 77 of the

Honorable Stansell Bryan, Page 5

Forty-seventh Legislature, and in accordance therewith, to fix the rate of speed of motor vehicles on county roads and county highways in McLennan County which connect with designated State highways at less than the maximum provided for by House Bill 77.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 16, 1941

By

FIRST ASSISTANT
ATTORNEY GENERAL

Zollie C. Steakley
Assistant

ZCS:LM

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN