MARCUS, Justice.
This is a suit by a mother, Mrs. Leda Sumner Hartman, for the wrongful death of her daughter, Patricia Sue Sumner, while a passenger in an automobile driven by her other daughter, Julie Sumner. Made defendants were Allstate Insurance Company, the liability insurer of the automobile which her daughter was driving, and the driver of the other vehicle, Willie Henry Dunn. The trial court rendered judgment in favor of defendants, dismissing the claim of plaintiff. The Court of Appeal affirmed.[1] We granted a writ of review.[2]
The facts are generally not in dispute.
On the date of the accident (September 1, 1968), Mrs. Leda Sumner Hartman was married to Ralph W. Hartman. Julie Sumner and Patricia Sue Sumner were children of a previous marriage of Mrs. Hartman and resided with her and their step-father in Loranger, Louisiana. *560 Ralph W. Hartman was the owner of a Ford station wagon which was insured by Allstate Insurance Company. Julie was fourteen years old (born on October 16, 1953) at the time of the accident. She did not have a driver’s license and was not eligible to obtain one until age fifteen, which would not have been until forty-five days after the accident. On the date of the accident, Julie was authorized to drive her step-father’s station wagon to go swimming at a creek several miles from their home. This permission had been granted with full knowledge and consent of Mrs. Hartman. Furthermore, Mrs. Hartman knew that it was necessary for her to cross Louisiana Highway 40 in order to reach the creek. Julie’s sister, Patricia Sue, age thirteen, occupied the front seat with her, and her two younger step-brothers were in the rear seat. She proceeded south on Cook and Strong Road, a gravel country road, and, upon reaching the intersection with Louisiana Highway 40, she passed a stop sign and went into the highway where she was struck by a vehicle being driven by Willie Henry Dunn, who was proceeding in a westerly direction on said Highway 40. Julie stated that she applied the brakes when she was 75 yards from the intersection, then coasted for approximately 50 yards and then again pumped her brakes at about 25 yards before entering the intersection. She admitted that she failed to apply the emergency brake. She was unable to stop the vehicle, and the accident occurred. We do not have sufficient evidence to warrant a conclusion that the accident was caused by a brake failure. As a matter of fact, her step-father had used the station wagon the morning immediately preceding the accident and had had no difficulty. Furthermore, there was no evidence presented as to the condition of the brakes after the accident.
The trial court and the Court of Appeal concluded that the accident was caused by the negligence of Julie and dismissed the suit against defendant Dunn. This finding is not contested and we find the record supports such a conclusion. The courts below also denied Mrs. Hartman’s claim against Allstate on the ground that the violation of R.S. 32:416, which prohibits a person from allowing her daughter under the age of fifteen years to drive a motor vehicle, constitutes negligence on her part sufficient to defeat her claim. Accordingly, her claim against Allstate was likewise dismissed.
The only issue presented for our consideration is whether Mrs. Hartman’s claim for the wrongful death of her daughter against Allstate Insurance Company should be barred by her own negligence in permitting her unlicensed fourteen-year-old daughter to drive a motor vehicle in violation of R.S. 32:416. Under the facts and circumstances of this case, we conclude that her negligence does bar such recovery. Pertinent to her neglience is the following statutory provision:
R.S. 32:416
“No person shall cause or knowingly permit his child or ward, under the age of fifteen years, to drive a motor vehicle, except a power cycle, and under the age of fourteen years, to drive a power cycle, upon any highway.”
While a criminal statute is not necessarily definitive of civil liability, it is certainly a guideline to which the court may resort to establish the proper standard of care for assigning civil liability. The legislature clearly intended by this statute to avoid the risks inherent in the use of a motor vehicle on the highway by persons under the age prescribed by the statute who might lack the necessary maturity, judgment and competence.
The record is clear that Mrs. Hartman had actual knowledge of her daughter’s carelessness and incompetence in the operation of a motor vehicle. The evidence bears out this conclusion. While Julie had been driving since she was twelve years old, she had only been driving without adult supervision some two months prior to *561 the accident. During- this period, she had been “grounded” on a number of occasions for driving too fast, improperly passing cars, not maintaining a proper lookout, weaving on the road, etc. She admitted that she was too inexperienced to drive in towns, did not know how to park, drive on narrow streets, was frightened that she might hit cars on the side, etc. She further testified that her mother had instructed her never to go on busy roads. Evidence of her improper driving had also been reported by some children in the neighborhood, but had been disregarded since it was felt that they were simply jealous. Furthermore, her testimony at the trial, over two and a half years after the accident, indicates a lack of knowledge of the proper operation of a motor vehicle. This was evidenced by her description which she gave of the kind of brakes which are found on various cars. She testified as follows: “ * * * the kind where you just barely have to press them and they will stop a car and others are the kind we have to kind of pump them to stop them and build up.” When questioned as to how many drives there were on the car, she asked if counsel was referring to the “little dots.” At the time of the accident, Julie had completed the 7th grade in school after having failed two grades. Also, she had never received any driver’s education courses in school.
We conclude that Mrs. Hartman had actual knowledge of Julie’s carelessness and incompetence to drive a motor vehicle on the highway. We further find that Julie’s negligence was the result of her lack of care and competence in the operation of the motor vehicle. Therefore, permitting Julie to use the station wagon under these circumstances constituted negligence on the part of Mrs. Hartman which was unquestionably a contributing cause of the accident. Accordingly, her claim must be denied.
For the reasons assigned, we affirm the judgment of the Court of Appeal dismissing plaintiff’s suit.
BARHAM, J., concurs with reasons.
CALOGERO, J., concurs in result.

. 271 So.2d 372.

. 273 So.2d 837.