WATKINS, Judge.
This is an action brought by Wanda L. Branham against the Louisiana Farm Bureau Casualty Insurance Company, the liability insurer of her and her husband, covering a 1980 Oldsmobile Cutlass. Counsel for both parties stipulated that the policy limits of $10,000/$20,000 were exceeded by the personal injuries sustained by Mrs. Branham when struck by the family automobile driven by her daughter who was moving the Oldsmobile in the front yard of the family home of Mr. Jessie Branham and Mrs. Branham, which was situated on Choctaw Road near Thibodaux, Louisiana. The insurer’s defense was that the daughter, Kelly Branham, was only fourteen years old when the accident occurred, and did not have a driver’s license or a learner’s permit.
The trial court rendered judgment in favor of plaintiff, Mrs. Branham, and against Farm Bureau, for the policy limits. Defendant appeals.
Kelly Branham had been permitted to drive a car by her father on three successive occasions in the two or three weeks before the accident. Her father on all these occasions was with her, and Kelly drove for two or three hours. However, once Kelly had been permitted to move the car alone on the Branham’s lot before the accident occurred.
Kelly’s father, Jessie Branham, testified that he had asked Kelly to move the car on the day of the accident from the Branham’s driveway onto the Branham’s front lawn. Kelly started to move the car under its own power to accomplish the maneuver when her mother, Wanda, emerged from the house. Kelly testified that her mother motioned to her to move the car onto the lawn and Jessie Branham likewise testified that he saw his wife motion to Kelly to move the car onto the lawn. Mrs. Branham testified to the same effect, but later testified that she had stated she motioned to her daughter only because her husband and Kelly had said that was what she had done.
LSA-R.S. 32:416 reads as follows:
No person shall cause or knowingly permit his child or ward, under the age of fifteen years, to drive a motor vehicle, except a power cycle, and under the age of fourteen years, to drive a power cycle, upon any highway.
Plaintiff contends that this statute does not afford the insurance company a defense, as the car was at all times pertinent *272 to the accident in the Branham yard, not on any highway.
However, Farm Bureau cites Bardfield v. New Orleans Public Belt Railroad, 371 So.2d 783 (La.1979) and Galloway v. Wyatt Metal & Boiler Works, 189 La. 837,181 So.187 (1938) as establishing a judicially crafted policy that “highway” as used in state statutes is to be broadly construed (in Bardfield as applying to a railroad crossing and in Galloway as applying to a “sandy road” used by the general public leading from a highway).
However, Bardfield sets up the following test for determining whether a road is a highway:
(1) [Tjhat it be publicly maintained;
(2) that it be open to the public.
371 So.2d 783 at 786.
It is immediately apparent that the Branham’s yard is not a highway, because it is not publicly maintained, and it is not open to the public.
Furthermore, under LSA-R.S. 32:416 for there to be liability the child or ward under the age of fifteen years must have driven the motor vehicle with the parent’s permission. The trial court found that only Jessie Branham, and not Wanda Branham, had given permission for Kelly to move the car. Mrs. Branham’s testimony is uncertain as to whether or not she motioned for Kelly to move the car, as she first testified she did give her permission and later stated that she so testified only because her husband and Kelly had said that she motioned to Kelly to move the car.
The testimony of Wanda Branham that she motioned Kelly to move the car would of course tend to show permission. However, the trial court was of the opinion that Mrs. Branham had not given such permission, and that finding is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
While it is true that permission given by a parent to drive a car on the highway without the presence of an adult constitutes negligence, as defendant contends, citing Hartman v. Allstate Insurance Co., 284 So.2d 559 (La.1973), still the Branham’s yard and driveway did not constitute a highway. Clearly, it would not have been negligence for Wanda Branham to have given her permission to Kelly to move a car within the confines of the Branham’s own yard even without the presence of an adult in the car, given Kelly’s experience in driving with her father. However, Wanda does not appear to have given her permission, and the yard was not a highway.
The judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.