Dear Ms. Rodrigue:
On behalf of the Jefferson Parish Council, you requested the opinion of this office regarding whether, and under what circumstances, Jefferson Parish (the "Parish") may limit access on an existing street which is dedicated for public use and is being used as a public road.
It is our understanding that you are not questioning the ability of the parish to make a public street private by leasing or selling a road formerly dedicated to that purpose, R.S. 33:4711; Coliseum SquareAssociation v. New Orleans, 544 So.2d 351 (La. 1989), Op.Atty.Gen. 95-101; nor the reversion to adjacent property owners of an abandoned road. R.S. 47:491; R.S. 48:701.
A road is either public or private in nature. La.Civ. Code art. 457. If the road is public, then it is subject to public use. Id. Vernon ParishPolice Jury v. Buckley, 00-00045 (La.App. 3 Cir. 11/2/06), 776 So.2d 17:St. Charles Parish School Board v. P L Investment Corporation, 95-2571 (La. 5/21/96), 674 So.2d 218. The land upon which a road lies may either be publicly or privately owned. If it is privately owned, then it is a private thing subject to the public use. Id. The streets which belong to political subdivisions of the state are owned for the benefit of the public.
It is a violation of good faith to the public, and to those who acquired property in reference to a plan of a city with a view to the enjoyment of the use thus publicly granted, to afterwards appropriate a street to private uses. City of Baton Rouge v. T. J. Bird, Sheriff, etal, 21 La. Ann. 255 (1869). Also see De Armas, et al v. Mayor, etc. ofNew Orleans, 5 La. 132 (1833), dismissed for lack of jurisdiction 34 U.S. 9
(Pet.) 224 9 L.Ed. 109 (1835). A municipal corporation has no authority to extinguish public use of public property or divest such property of its public character. Police Jury of the Parish of Plaquemines v.Foulhouze, et al., 30 La. Ann. 64 (1878).
In Op.Atty.Gen. 01-0229, this office determined that the City of Lake Charles could not legally accept the dedication to the public of a gated street which the owners desired to dedicate to the public so as to obtain public maintenance yet requiring the street to remain gated, stating:
 ". . . we are of the opinion that the subdivision residents would have no legal right to obstruct a public road, be it by means of a controlled access gate or otherwise, as the property would be publicly held, affording Prien Oaks residents no right to prevent ingress or egress. A public road is a way open to all the people, without distinction, for passage and repassage at their pleasure. Galloway v. Wyatt Metal Boiler Works, 189 La. 837, 181 So. 187
(La. 1938). (See also Att'y Gen. Op. No. 99-345) By distinction, private roads are those which are only open for the benefit of certain individuals, to go from and to their homes, for the service of their lands, and for the use of some estate exclusively. Id.
 Under the alternative scenario of dedicating only a servitude of public use, like results occur. The public is entitled to full, unhindered and unobstructed use of a servitude of public passage. Melancon v. Giglio, 96-2507 (La.App. 1 Cir. 3/13/98), 712 So.2d 535 citing Wright v. Dep't. of Highways, 342 So.2d 230, 232 (La.App. 1st Cir. 1976), writ denied 343 So.2d 1075 (La. 1977). A controlled access gate such as that which is presently in place, if opened and closed by the residents at their leisure, would constitute an obstruction and hindrance to the use and enjoyment of the roadway by the general public.
 In summary . . . With regard to dedication of the private drive to the City of Lake Charles, we find that no matter the extent of the dedication, any obstruction such as the gate now in place would be impermissible. This finding aside, any transaction that purports to make a private drive/road public yet retains in the residents the power to control ingress and egress, no matter how limited, could appear to the objective observer as constituting an attempt to indirectly circumvent the prohibitions contained in Article VII, Section 14 for the nature of the drive would remain private."
Article VII, Section 14 of the Louisiana Constitution prohibits the loan, pledge, or donation of the funds, credit, property, or things of value of the state or of any political subdivision "to or for any person, association, or corporation, public or private." It is without question that any expenditure of public funds towards maintenance of a private drive would violate this Constitutional prohibition. Ops.Atty.Gen. 01-229, 76-649, 77-1594, 78-1643.
We further call your attention to Op.Atty.Gen. 95-138 and 95-101 both of which found that a governing authority has the authority to close a public road or street upon following the applicable provisions of law requiring a finding that the public thoroughfare is no longer needed for public use, followed by a formal act of revocation. Furthermore, these opinions found that the governing authorities of parishes in excess of 475,000 may close a public road or street for a period not to exceed twelve months, provided that it is for a public purposes and in the best interest of the parish.
We are cognizant of Op.Atty.Gen. 95-101 (A) which indicated that Jefferson Parish could authorize a gate restricting access to public use of street without first revoking the public street if there is a valid exercise of the police power in the interests of public health, safety, morals, and overall welfare, assuming that there is a reasonable relationship between the ordinance and the public good and safety.
While we recognize the police power that is granted to parishes, especially in connection with the regulation of traffic, we suggest that gating a public subdivision street so that only the residents of the street and their invitees may use the street would violate the public policy set forth in Civil Code art. 457 that a public road is subject to public use. Once the street is gated, the street would only be for private use.
Furthermore, if the purpose of gating the street is to keep certain people from traveling on the street, such may violate Article I, Section12 of the Louisiana Constitution, which provides that "[i]n access to public areas, accommodations, and facilities, every person shall be free from discrimination based on race, religion, or national ancestry and from arbitrary, capricious, or unreasonable discrimination based on age, sex, or physical conditions."
Members of the general public are afforded a right to participate in the public use of public land, which is neither a personal right nor a real right, but an incident of its personality. See Civil Code art. 452. However, this right is subject to compliance with the applicable laws and regulations of the state and its political subdivision which are enacted to safeguard the public use in the interest of all. Id. Louisiana Civil Code Article 458 grants to a citizen of the state a right of action coincidental with that of the governing authority to sue for the removal of structure which physically obstruct the citizens right of use. Worthenv. DeLong, 99-1149 (La.App. 1 Cir. 6/23/00), 763 So.2d 820.
In Shepherd v. Third Municipality, 6 Rob. 349, 41 Am. Dec. 269, relative to certain valuable sawmills placed on the banks of a river, the Court stated:
 "The street and the banks of the river are `loci publici' — out of commerce — and the municipal authorities are bound to see that the use of them by the public be not obstructed; but they have no power to allow any erection thereon which may render their use incommodious. They may, indeed, temporarily tolerate works thereon, which they may deem not injurious to the rights of the public . . ." (Emphasis added)
In summary, it is the opinion of this office that the Parish may not gate a public street to cause the public street to be used as a private street.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv