LAND, J.
Plaintiffs, property taxpayers of the city of New Orleans, and abutting owners of property assessed for taxation to pay for the construction of pavements of asphalt and other materials, seek to enjoin and restrain the mayor from signing or executing any contract under City Ordinance No. 1,694, C. S., with the Consumers’ Electric Company or its assignees, and also said company from exercising the franchises therein granted, on the following grounds, viz.: “That the said ordinance is null and void, because it grants to the Consumers’ Electric Company the franchise and the public utility of laying conduits in, through, and under the public streets, and planting poles and stringing electric wires in, through, and over public streets, squares, and public buildings, and lighting streets, and selling electric energy for lighting, power, and heat, and the said ordinance was not published in the official journal of the city of New Orleans for sixty days, and it was not adjudicated to the highest bidder, as provided by section 87 of the city charter as amended by Act No. 108, p. 165, Acts 1902.
“That if the said ordinance had been published for sixty (60) days, and the franchises therein granted advertised to be sold to the highest bidder at auction, that many thousands of dollars in annual payments would have been bid therefor at auction, and the value therefor far exceeds the pitiful sum of $500.00 annually for thirty five (35) years, which additional sum of money could be applied to public improvements, enhancing the value of the property of petitioners.
“The said ordinance is unreasonable because it does not make sufficiently specific the nature and character of the work to be done in and over the public streets, and does not give adequate protection to owners of property, nor adequate security that the streets torn up and damaged by the laying of conduits and planting of poles will be restored and kept in good order and repair.”
The prayer of the petition is that the injunction be perpetuated, and.said ordinance be declared null and void.
The district judge ordered that defendants show cause why an injunction should not issue as prayed for.
Defendants answered the rule nisi, denying all the allegations of the petition.
For further answer they averred that Ordinance No. 1,G94, N. G. S., was duly adopted under and in accordance with the provisions of section 86 of the charter as amended by Act No. 108, p. 165, Acts 1902; that section 87 of said charter does not gove'rn and has no application to ordinances of the class to which said Ordinance No. 1,694 belongs; and that the city council in enacting said ordinance acted within its legal powers and duly exercised its legal discretion as to the price of the franchise and other matters complained of.
The rule was tried, and there was judgment for defendants, from which plaintiffs prosecute this appeal.
The pivotal question to be decided is whether the franchise or privilege granted by said ordinance to defendant electric company falls within the scope of section 86 or section 87 of Act No. 108, p. 165, Acts 1902, amending and re-enacting the same numbered sections of Act No. 45, p. 46, of 1896.
The ordinance in question was passed pursuant to section 86, and all the formalities required by its provisions were complied with. It is conceded that the formalities required by section 87 were not observed.
The contention arises over the construction of the terms used in the first paragraphs of said sections, which read respectively as follows, to wit:
“Sec. 86. Every ordinance purporting to grant to any person, corporation, association or firm any privilege to use or occupy any part of any street, public place or public property in connection with the conduct of any private business, shall after having been introduced in the council be advertised in full in the official journal daily for two weeks, and shall then be considered and passed or rejected by the council in the manner provided for other ordinances.
“Sec. 87. Every ordinance providing for the lighting of streets or public places, the lease of public markets or the establishment of markets or other utilities to become public on terms, the operation of ferries, the removal or disposal of garbage, the construe *509 tion and operation of street railroads or belt railroads or purporting to award a contract covering the performance or discharge of any public duty or function, shall be adopted with all the formalities prescribed by section S6 for the adoption of ordinances purporting to grant the privilege referred to in'said section.”
In the charter of 1896, sections 86 and 87 appear under the title of “Franchises.” Sec. 86 applied to “every ordinance, resolution or order granting a franchise to any person or corporation”; section 87, to franchises “for lighting streets or public places, or disposal of sewerage or garbage, or any large and valuable franchise similarly affecting the public health or comfort, or for the operation of any street or belt railroad.”
Section 86 as amended is restricted to ordinances granting the “privilege to use or occupy any part of the street, public place or public property in connection with the conduct of any private business.”
In section 87 as, amended the word “franchise” or “privilege” does not appear, and this section is restricted to ordinances providing for the lighting of streets or public places, etc., or purporting to award a contract covering the performance or discharge of any public duty or function. This section implies a grant of franchise only in ordinances providing for “the construction and operation of street railroads and belt railroads” and “the operation of ferries.”
Franchises of this nature were excepted from the operation of section 86 of the original charter. Section 14 of the city charter makes it the duty of the council “to light the streets, wharves, landings and public squares.”
An ordinance providing for such lighting is the performance of a municipal function or duty. The same may be said of the lease or establishment of public markets or other utilities to become public on terms, the disposal of garbage, and the awarding of contracts covering the performance of any public duty or function.
Section 87 as amended does not authorize the grant of franchises or privileges to persons or corporations, save by implication in case of railroads and ferries.
This power is granted by the provisions of section 86 as amended or has not been conferred in express terms.
A comparison of these two sections in the original charter with the same numbered sections as amended and re-enacted leads to the conclusion that section 86 refers to grants of privileges to persons or corporations to use the streets and other public places for quasi public purposes, such as furnishing light, heat, etc., to the citizens.
Such a business may be called “private” as contradistinguished from a municipal or public duty or function, and also in the sense that it is conducted for private gain.
In his brief plaintiffs’ counsel states his contention as follows: “By section 86 it was intended to cover the case of a privilege to use the streets in connection with private business purely. For example, a privilege to erect a trestle or a switch for a private factory, or a drain from a hotel or private building, or a privilege to use the streets for private water supply and similar cases.”
This construction runs counter to the legal principle that the power of a municipal, corporation over its streets “must be exercised for the good of the general public,” and “not for merely private purposes.” Elliott, Roads & Streets (2d Ed.) § 653. It has been held that a city cannot license an individual to lay a private sewer in a public street. Id.
Also it has been decided that a city cannot license an individual to lay a railroad track across a public street for his own private use. 24 Am. & Eng. Ency. Law, p. 47, note.
The franchise in question cannot fall within the grasp of section 87, unless it be a public duty or function to furnish electricity to private consumers.
The necessity of the case forces this contention upon the plaintiffs’ counsel, and also forces the further contention that section 86 applies to private business purely, and does not embrace the furnishing of light, heat, water, etc., to private consumers by a private corporation.
The more reasonable construction is that section 86 applies to franchises or privileges to use streets and public places granted to individuals and corporations which undertake to carry on private business in connection with the performance of quasi public duties
*511 That the private business must be of the nature to require special uses of the streets is necessarily implied; otherwise no grant would be necessary.
A construction that leads to the conclusion that section 86 empowers the city to practically alienate the public use of streets by grants in favor of private persons for private purposes purely is unreasonable, contrary to well-settled principles of law, and prejudicial to the rights of the people. The council had express power to grant the franchise.
The ordinance is not unreasonable, and we cannot presume that the grantee will fail or neglect to perform the obligations imposed by its provisions. The matter of security was one within the discretion of the council. The bond is for $10,000, and the company undertakes, under penalty of forfeiture, to complete $50,000 worth of work in nine months, and to be ready to supply light and electric energy within twelve months, from the date of acceptance of the ordinance. The ordinance provides that all work done in the streets, including restoration and repair, “shall be done under the supervision and.to the satisfaction of the commissioner of public works,” and on the failure of the company to make repairs after 48 hours’ notice the same may be done at its expense. This court cannot assume that the commissioner will fail or neglect to perform his duty, and permit the company to tear up miles of streets before compelling it to begin the work of restoration and repair.
■Judgment affirmed.
See concurring opinion of BREAUX, J., 35 South. 725.