<hr/>

(46 South. 1001.)

No. 16,678.

MORRIS v. MUNICIPAL GAS CO. et al.

(May 25, 1908.    Rehearing Denied June 26, 1908.)

1. MUNICIPAL CORPORATIONS — TAXPAYERS' ACTION—WHEN LIES.

Taxpayers have as such no standing in court to contest an ordinance of the city council

on the ground that it violates the vested rights of a corporation in which they have no legal interest.

They have no standing in court as property owners, unless and until danger of injury to their property rights becomes actual and real. Code Prac. art. 15.

2. ELECTRICITY — ELECTRIC COMPANIES — USE OF STREETS.

This case, so far as the "legality" of the ordinance contested is concerned, is governed and controlled by the decision in Strohmeyer v. Consumers' Electric Company, 111 La. 509, 35 South. 723.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by George E. Morris against the Municipal Gas Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Henriques & Duchamp, for appellant. Hall & Monroe, for intervener Horatio Lange. George Washington Flynn and Edwin Thomas Merrick, for appellee Municipal Gas Company. Samuel Louis Gilmore, City Atty., and Henry Garland Dupré, Asst. City Atty., for appellee city of New Orleans.

NICHOLLS, J. The issues between the parties to this action being set out at length by the judge of Division "E," who rendered judgment herein, we copy his judgment in full. It was as follows:

"It is averred by plaintiff in his petition that he is a real estate taxpayer of the city of New Orleans, and resides at No. 1,858 Tulane avenue; that his property is assessed for taxation, and that asphalt pavement has been laid at the expense of front properties on Tulane avenue and in front of his residence; that he has a pecuniary interest that said pavement be not illegally torn up and damaged and the free use of said street impaired; that he is pecuniarily interested in seeing that the funds going into the city treasury from the sale, privileges, and franchises should be as large as possible; and that he will suffer personal injury in that his pavement will be illegally torn up and his burden of taxation increased, if the mayor of the city of New Orleans is permitted to enter into a contract with the Municipal Gas Company to carry out the ends and purpose of Ordinance No. 3,621, New Council Series.

"Plaintiff further avers that said ordinance is null and void because the council of the city of New Orleans was without authority to make such grant, the Legislature of the state of Louisiana having previously granted an exclusive monopoly for the laying of pipes and mains, and the making and vending of gas in the city of New Orleans, to the Crescent City Gaslight Company by Act No. 97, p. 216, of the session of 1870, as amended by Act No. 106, of the session of 1873 approved July 10, 1873 (Acts 1874, p. 5), for a period of fifty years from April 1, 1875, and that therefore the action of the city council of New Orleans was ultra vires, same being in contravention of paragraph 1, § 5, art. 1, of the Constitution of the United States.

"Plaintiff further avers that even if the city council of New Orleans was vested with the proper authority to make such grant, and the giving of such franchise did not and does not conflict with the monopoly previously obtained by the Crescent City Gaslight Company from the Legislature of the state of Louisiana, then the said ordinance is null and void because it grants to the Municipal Gas Company a franchise for laying pipes, conduits, and mains in, under, and through the streets, highways, and public places of the city of New Orleans, and the said ordinance was not published for sixty days and was not adjudicated to the highest bidder in accordance with section 87 of the city charter, as amended by Act No. 108, p. 165, of the Session of the General Assembly of the state of Louisiana for the year 1902, approved July 7, 1902, and plaintiff further shows that, if the said ordinance had been advertised and sold as provided for by the city charter, the city of New Orleans would have obtained a large per centum of the gross receipts of the grantee, and would annually have received a sum far in excess of the two per cent. on gross receipts to be paid by the Municipal Gas Company to the city of New Orleans under the terms of said ordinance; and the said additional sum could be applied to necessary public improvements.

"Plaintiff's prayer is for a preliminary injunction restraining the mayor from signing and executing any contract under said ordinance with the Municipal Gas Company, and for judgment in due course perpetuating the injunction, and declaring it null and void. No objection having been interposed by defendants when the rule nisi came up for trial, the preliminary injunction against the mayor was duly issued.

"Horatio Lange, another real estate owner and taxpayer, intervened and joined in plaintiff's prayer, averring that ordinance 3,621, New Council Series aforesaid, is null and void for the following reasons, to wit:

"First. Because it purports to grant to the Municipal Gas Company a 'utility to become public on terms,' and a 'contract covering the performance or discharge of a public duty or function' which, under section 87 of the city charter, as amended by Act No. 108, p. 165, of

the Session of the General Assembly of the state of Louisiana for the year 1902, can only be sold after publication in the official journal for a period of sixty days to the highest bidder, and that none of the formalities provided in said section 87 have been complied with.

"Second. If it could be held that the agreement or franchise to vend fuel gas for heating purposes is not, under section 87, a 'utility to become public on terms' not yet a 'contract covering the performance or discharge of any public duty or function,' but is a 'private business,' under section 86 as amended of the city charter, then intervener avers that said section 86 does not authorize the common council of the city of New Orleans to grant any privilege or franchise to transact private business and only purports to grant a privilege to use parts of the streets or public places in connection with the conduct of and as an adjunct to the transaction of such private business, and that the Legislature of the state has not delegated to the common council of the city of New Orleans in its charter or otherwise any power to authorize as a private business the manufacturing and vending of fuel gas for heating purposes, nor has it granted the said common council the power to permit the use of the streets and public places of the city of New Orleans for such private business.

"The defense that plaintiff and intervener are without right, interest, or authority to attack the validity of the ordinance aforesaid, because of any alleged conflict with the rights of the Crescent City Gaslight Company, or any of its successors or assigns, that the only monopoly conferred on said Crescent City Gaslight Company was that of making, distributing, and vending gas for illuminating purposes; that the privilege granted to the defendant company of making, distributing, and vending gas for fuel and heating purposes does not conflict with said monopoly by the propositions of section 86 of the city charter as amended by Act No. 108, p. 165, of 1902; and not by the provisions of section 87, also amended by said act; and, further, that the provisions of the former section have been fully complied with in the consideration and adoption of the ordinance in question.

"It is also specially pleaded by the Municipal Gas Company that whatever monopoly or exclusive right was at the time enjoyed by the Crescent City Gaslight Company was forfeited by the lease or transfer thereof by its successors, the New Orleans Gaslight Company to the New Orleans Lighting Company, without the consent or approval of the state of Louisiana, and that the monopoly, if still extant, does not embrace the fifth, sixth, and seventh districts of this city. It is finally averred by the defendant company that a judgment against it would divest it of vested rights and impart the obligation of contracts in violation of section 10 of article 1 of the Constitution of the United States. On the trial it was admitted that all the require-

ments of section 86 of the city charter, as amended, had been observed in the enactment of ordinance No. 3,621, N. C. S.

"Evidence was also introduced by plaintiff to show that the use of gas for fuel and heating antedated the charter of the Crescent City Gaslight Company, but under the view that I have taken of this case consideration of such evidence is unnecessary.

"I take it that the first issue tendered by plaintiff as to whether the grant to the Crescent City Gaslight Company of the exclusive right to sell 'gaslight' includes gas for fuel and heating cannot be decided in this case, because plaintiff is without standing in court to assert the said right in which he is in nowise interested, and which is personal to the grantee.

"'An action can be brought only by one having real and actual interest which he pursues.' C. P. art. 15; Corral v. Eclipse Towboat Company, 37 La. Ann. 803.

"The case of Handy et al. v. City, 39 La. Ann. 107, 1 South. 593, and others of like import cited by plaintiff, do not support his contention that a taxpayer can contest the validity of a municipal ordinance for any cause. The doctrine of those cases is that property holders or taxable inhabitants have the right to resort to judicial authority to restrain municipal corporations, and their officers from transcending their lawful powers, or violating their legal duties in any unauthorized mode which will increase the burden of taxation, or otherwise injuriously affect taxpayers or their property; such as unwarranted appropriation and squandering of corporate funds, and unjustifiable disposition of corporate property, and illegal levying and collection of taxes not due or exigible, etc.

"It is not perceived, nor has plaintiff attempted to show how the burden of taxation will be increased, or how his property will be injured should the monopoly which he so stoutly champions not be maintained. It is, however, objected that want of capacity to sue must be pleaded in limine. The plea here is not want of capacity, but want of interest. It denies plaintiff's right of action. It strikes at the root of the demand, and may be urged under the general issue. For want of interest, therefore, plaintiff's attack upon the ordinance in question on the ground that it trenches upon the vested right of a third person, not party to the suit, must be disregarded.

"As to the other ground of attack that the privilege conferred by the ordinance on the defendant company should have been sold at auction to the highest bidder after sixty days advertisement, the standing of plaintiff and intervener to urge it is not disputed. The precise issue, however, has been adversely determined in the case. Strohmeyer v. Consumers' Electric Company, 111 La. 506, 35 South. 723. That was a suit to enjoin and restrain the mayor from signing or executing any contract under City Ordinance 1,694, C. S., with the Consum-

ers' Electric Company, or its assignee, on the grounds, amongst others, "that the said ordinance is null and void because it grants to the Consumers' Electric Company a franchise and the public utility of laying conduits in, through, and under the public streets, and planting poles and stringing electric wires in, through, and over public streets, squares, and public buildings and lighting streets, and selling electric energy for lighting, power, and heat, and the said ordinance was not published in the official journal of the city of New Orleans for sixty days, and it is not adjudicated to the highest bidder, as provided by section 87 of the city charter as amended by Act 108, p. 165, of the Acts of 1902; that if the said ordinance has been published for sixty days, and the franchise therein granted advertised to be sold to the highest bidder at auction many thousand dollars in annual payments would have been paid therefor at auction, which could be applied to public improvements, enhancing the value of the property of petitioner.

"The Supreme Court held that 'section 86 refers to grants of privilege to persons or corporations to use the streets and other public places for quasi public purposes, such as franchise, light, heat, etc., to the citizens. Such a business may be called "private" as contradistinguished from a municipal or public duty or function, and in also the sense that it is conducted for private gain.' The court, on the same subject, held, further, that the contention that section 86 applies to private business purely, and does not embrace the furnishing of light, heat, water, etc., to private consumers by a private corporation, is untenable, and that 'the more reasonable construction is that section 86 applies to franchise or privileges to use streets and public places, to individuals and corporations which undertake to carry on private business in connection with performance of quasi public duties.'

"The court held that the ordinance was not unreasonable, and that it could not presume that the grantee would fail or neglect to perform the obligation imposed by its provisions. The matter of security was one within the discretion of the council. The bond is for $10,000 and the company undertakes, under penalty of forfeiture, to supply light and electric energy within twelve months from the date of the acceptance of the ordinance. The ordinance provides that all work done in the streets, including restoration and repair shall be done under the supervision and to the satisfaction of the commissioner of public works, and on the failure of the company to make repairs after forty-eight hours' notice, the same may be done at its expense. This court does not assume that the commissioner will fail or neglect to perform his duty and permit the company to tear up miles of streets before completing it to begin the work of restoration and repair.

"In the ordinance in the present case the bond to be furnished by the defendant company is fixed at $20,000, which amount is to be forfeited and paid over to the city should the company fail to lay not less than three miles of gas mains in each district in the city within two years of the promulgation of the ordinance; should it not be ready to furnish gas within the same period of time, or should it otherwise not comply with its obligation. All work on the streets, including restoration and repair is also to be done under the control of the commissioner of public works, and the city is given the right, after forty-eight hours' notice. to have the streets restored or repaired should the company fail to do so, a special deposit of $1,000. being made with the city for that purpose.

"It will thus be seen that the only difference between the Strohmeyer Case and this is that in the former the right was of the privilege to furnish light, while in this grant is of the privilege to furnish heat to private consumers. Both privileges, however, are emphatically declared by the Supreme Court to be governed by section 86 and not by section 87.

"It is true that one decision does not make jurisprudence, but when a decision of the court of last resort is unanimous and shows elaborate consideration of the point in controversy, it must be respected by a judge of inferior jurisdiction, even though he might incline towards a different conclusion, where the question is entirely new.

"Let there be judgment rejecting the demand of plaintiff and intervener and dissolving the writ of injunction herein issued with costs, and with full reservation of the right of the Municipal Gas Company, defendant, to sue for such damages as it may have sustained by the wrongful issuance of said injunction."

The plaintiff and the intervener have no standing in court either as taxpayers or as property owners to contest the council's ordinance, for the reason that it violates the legal rights of the gas company. That company has its domicile in New Orleans, and is equipped with officers competent to protect its rights if placed in jeopardy.

Appellant's interest as property owners to contest the ordinance will only accrue if damage to property rights become actual and real. Code Prac. art. 15. It is premature for them to raise issues on that point under present conditions. Proper remedies to safeguard property interests will be open to them should a legal occasion arise for their being exercised. In so far as the legality of the ordinance is concerned the court is of opinion that the present case is controlled by that

of Strohmeyer v. Consumers' Electric Company, 111 La. 509, 35 South. 723. It is of the opinion that the passage of Act No. 111, p. 174, of 1900, does not affect the legal situaton in this case.

For the reasons herein assigned, the judgment appealed from is affirmed.

The CHIEF JUSTICE and MONROE, J., concur.