310 So.2d 593 (1975)
STATE of Louisiana
v.
Betty BRADY.
No. 55830.
Supreme Court of Louisiana.
March 31, 1975.
*594 Milton P. Masinter, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Kendall L. Vick, Asst. Atty. Gen., Joseph W. Thomas, Staff Atty., New Orleans, for plaintiff-respondent.
SANDERS, Chief Justice.
The State charged Betty Brady with the crime of soliciting for prostitutes, a misdemeanor triable without a jury. See LSA-R.S. 14:83; LSA-C.Cr.P. Art. 779. Under a rule of the Criminal District Court for the Parish of Orleans, adopted December 9, 1974, the case was allotted to the Magistrate of the Criminal District Court for arraignment and trial. After arraignment, defendant filed a pleading styled "Objection to Jurisdiction," in which she asserted that the Magistrate lacked the power and authority to conduct a misdemeanor trial. The Magistrate overruled the plea. Upon application of the defendant, we granted supervisory writs. 307 So.2d 633.
The Criminal District Court for the Parish of Orleans has jurisdiction of the trial of both felonies and misdemeanors committed in the parish. LSA-Const. Art. 7, § 83 (1921); LSA-Const. Art. 14, § 16 (1974). Hence, in the absence of a valid legislative provision to the contrary, a judge of that court has the authority to hold trials in misdemeanor cases.
The question here is whether the additional judge known as the Magistrate, created by Act No. 236 of 1972 (LSA-R.S. 13:1346), has the authority to hold trials in misdemeanor cases.
Act No. 236 of 1972 provides:
"A. * * * [T]here is hereby created one additional judge of the Criminal District Court for the Parish of Orleans, who shall receive the same salary payable by the State of Louisiana as is now paid to the other judges of said court in the same manner as such salary is paid to said judges. * * *
"B. The additional judge created herein shall have all of the powers, duties, rights and prerogatives and qualifications as are now prescribed by the constitution and laws of this state relative to judges of the Criminal District Court for the Parish of Orleans, except as provided herein.

"C. In addition to the sections of the Criminal District Court for the parish of *595 Orleans now existing, there is hereby created the Magistrate Section of the Criminal District Court for the Parish of Orleans, and the additional judge created herein shall be known as the Magistrate and shall preside over the Magistrate Section. Said judge shall have jurisdiction to act as committing magistrate in felony and misdemeanor charges and to hold preliminary examinations, with the authority to bail or discharge, or to hold for trial, in all cases before the Criminal District Court for the Parish of Orleans, and shall have the power to adopt all necessary rules with respect thereto.
"D. The additional judge created herein shall hold court in the same building as is provided for the other judges of said court by the city of New Orleans, and, with the approval of the judges of the Criminal District Court for the Parish of Orleans, acting en banc, may hear preliminary motions, pleas and other matters preliminary to the trial on the merits, and said judge shall have the right to appoint a stenographer and a minute clerk as provided by law, and the criminal sheriff for the parish of Orleans shall appoint a crier and deputy sheriff for said section of the court created herein as provided by law.
"E. The Criminal District Court for the Parish of Orleans, including the Magistrate of the Magistrate Section of said court, acting en banc, shall prescribe rules and procedures not inconsistent with the constitution and laws of this state to be followed in all matters to be presented before the Magistrate Section." (Italics ours.)
Under familiar principles, a statute should be construed according to the fair import of its words, taken in their usual sense in connection with the context. LSA-C.C. Art. 14; LSA-R.S. 1:3; State v. Evans, 214 La. 472, 38 So.2d 140 (1948); Martin v. Martin, 151 La. 530, 92 So. 46 (1922). Laws upon the same subject matter must be construed with reference to each other. LSA-C.C. Art. 17; Esso Standard Oil Co. v. Crescent River Port Pilots Assn., 235 La. 937, 106 So.2d 316 (1958).
The statute creates an additional judge to be known as the Magistrate. Paragraph B grants the judge the same powers, duties, and rights as the other judges, except as provided by the creating statute. Paragraph C grants him the jurisdiction to act as committing magistrate in felony and misdemeanor cases, to hold preliminary examinations, with the authority to bail, discharge, or hold for trial. Paragraph D grants him the additional authority to hear preliminary motions, pleas, and other matters preliminary to the trial on the merits.
In his comprehensive brief, the Attorney General argues that Paragraph E of the statute authorizes the court by rule to specify additional matters for presentation to the Magistrate Section. In other words, the Attorney General asserts, the judges of the court are authorized to determine what jurisdiction, other than that of committing magistrate, the additional judge can exercise.
We do not read that paragraph so broadly. By its terms, the paragraph deals only with the "rules and procedures ... to be followed in all matters to be presented before the Magistrate Section." As we view it, the paragraph authorizes the court to establish procedures to be followed in presenting the several matters set forth in the statute to the Magistrate Section. As phrased, Paragraph E does not authorize the court to increase the jurisdiction or authority of the additional judge by rule beyond that provided in the statute.
Our conclusion that the authority of the Magistrate is limited by the statute is fortified by comparing the present statute with LSA-R.S. 13:1345, creating Sections I and J of the same Court. That statute provides that the Judges of those sections "shall possess all of the powers, duties, jurisdiction, rights, and prerogatives and *596 qualifications as are now prescribed by the Constitution and laws of this state to judges of the Criminal District Court for the Parish of Orleans." (Italics ours.) Paragraph B of the present statute is identical, except that it omits the word "jurisdiction" and adds an exception to the grant of powers: "except as provided herein." Both the omission and the exception, we think, are significant. In omitting "jurisdiction," the Legislature obviously intended that the Magistrate's jurisdiction would differ from that of the other judges. The addition of the exception demonstrates that the statute limits the powers and duties of the Magistrate.
The authority to enact such a statute was vested in the Legislature by Article 7, Section 87 of the Louisiana Constitution (1921), which provides:
"The Legislature may, ... by a two-thirds vote of all members elected to each house, change, alter or repeal any or all of the above provisions covering the criminal courts of the City of New Orleans and parish of Orleans."
In Sciambra v. Edwards, La.App., 270 So.2d 167 (1972), cert. denied 273 So.2d 41, referring to this provision, the Court of Appeal stated:
"This section must be accepted for what it clearly states. It is a constitutionally sanctioned grant of authority to the legislature... to `change, alter or repeal any or all of the above provisions' covering the Criminal District Court for the Parish of Orleans, which are Sections 82 through 86."
We conclude that the Legislature has limited the jurisdiction and authority of the judge known as the Magistrate to acting as committing Magistrate, holding preliminary examinations, and hearing motions, pleas, and other matters preliminary to trial on the merits. The court rule attempting to broaden his hearing powers is ineffective. See LSA-C.Cr.P. Art. 18. The Magistrate has no jurisdiction or authority to conduct the trial of a misdemeanor case on the merits. Hence, defendant's plea is well-founded.
For the reasons assigned, the ruling of the Magistrate is reversed, the plea to the jurisdiction of the Magistrate is sustained, and the case is ordered allotted in accordance with the established procedures to another section of the Criminal District Court for the Parish of Orleans. The case is remanded for further proceedings according to law and consistent with the views herein expressed.