Larry BURGESS, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 89–89C.

United States Claims Court.

June 28, 1990.

Donald Juneau, Hammond, La., for plaintiff.

George M. Beasley, III, with whom was Asst. Atty. Gen. Stuart E. Schiffer and David M. Cohen, Washington, D.C., for defendant.

## OPINION

ROBINSON, Judge:

This matter is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction under RUSCC 12(b) and plaintiff's motion for partial summary judgment under RUSCC 56. Defendant contends that plaintiff has failed to procure a satisfactory certificate of innocence which 28 U.S.C. § 2513 requires in order to obtain relief for unjust conviction and wrongful imprisonment under 28 U.S.C. § 1495. Plaintiff maintains that the *coram nobis* order which he obtained from the United States District Court for the Eastern District of Louisiana (District Court) satisfies the requirements of § 2513, and therefore is entitled to judgment as to the liability of the United States. For the reasons discussed herein, defendant's motion to dismiss for lack of subject matter jurisdiction will be granted, and plaintiff's motion for partial summary judgment will be denied.

### Factual Background

Plaintiff, Larry Burgess, is a member of the Chitimacha Indian Tribe located in Louisiana. He was the elected chairman of the Chitimacha Tribal Council, and in July 1984, the Council empowered plaintiff to execute a management contract to conduct a bingo operation on the reservation. On October 4, 1985, a grand jury of the District Court indicted plaintiff for a violation of 18 U.S.C. § 371,[1] alleging conspiracy to violate 18 U.S.C. § 1952(a)(3),[2] and La.Rev. Stat. 14:73.[3] The indictment alleged that

1. 18 U.S.C. § 371 provides:
   If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.
   If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

2. 18 U.S.C. § 1952 provides, in pertinent part:
   (a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with the intent to—
   (1) distribute the proceeds of any unlawful activity; or
   (2) commit any crime of violence to further any unlawful activity; or
   (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,
   and thereafter performs or attempts to perform any of the *acts specified in subparagraphs* (1), (2), and (3), shall be fined not

more than $10,000 or imprisoned for not more than five years, or both.
   (b) As used in this section "unlawful activity" means (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics or controlled substances (as defined in the section 102(6) of the Controlled Substances Act), or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, or (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States....

3. La.Rev.Stat.Ann. 14:73, in relevant part, provides:
   Commercial bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any private agent, employee, or fiduciary, without the knowledge and consent of the principal or employer, with the intent to influence such agent's employee's or fiduciary's action in relation to the principal's or employer's affairs. The agent's, employee's or fiduciary's acceptance of or offer to accept, directly or indirectly, anything of apparent present or prospective value under such circumstances shall also constitute commercial bribery.
   Whoever *commits the crime of commercial bribery shall be fined not more than five*

plaintiff conspired to receive and received a bribe in connection with the award of the bingo contract. Plaintiff plead guilty as part of a plea bargain agreement and was sentenced to six months imprisonment, two years probation, and a $10,000 fine. He began serving the sentence and, within six months from getting out of prison, paid the $10,000 fine.

On September 21, 1986, plaintiff filed a motion for a writ of error *coram nobis* in the District Court, which was granted on April 28, 1988. The District Court's order in granting *coram nobis* relief vacated, recalled, and set aside plaintiff's judgment of conviction and sentence on the ground of lack of jurisdiction. Thereafter, the $10,000 fine was returned to plaintiff. That order relief upon the decision of *United States v. Tonry*, 837 F.2d 1281 (5th Cir. 1988). In *Tonry*, Richard Tonry had been convicted of the same offense as Larry Burgess. Tonry was the recipient of the bingo contract in Louisiana at issue in Mr. Burgess' case and allegedly had bribed Mr. Burgess to induce the award of the bingo contract. In *Tonry*, the Fifth Circuit held that the Louisiana commercial bribery statute, under which both Burgess and Tonry were convicted, did not apply to non-Louisiana public officials. Because Burgess was held to be a non-Louisiana public official, the 5th Circuit vacated Tonry's convictions of conspiracy to violate and violation of the Travel Act, 18 U.S.C. §§ 371 & 1952, and the Louisiana Commercial Bribery Statute, La.Rev.Stat.Ann. 14:73.

Based on the writ of error *coram nobis* obtained from the District Court, plaintiff filed suit in this court on February 22, 1989, seeking to recover the statutory maximum of $5,000 under 28 U.S.C. § 1495 as the result of an alleged unjust conviction and wrongful imprisonment by the United States. Oral argument was heard on June 12, 1990.

## DISCUSSION

For the purposes of a motion to dismiss for lack of subject matter jurisdiction pursuant to RUSCC 12(b)(1), the court must accept as true any undisputed allegations of fact made by plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Where there are disputed facts relevant to the issue of jurisdiction, the court is required to decide those facts. *Reynolds v. Army and Air Force Exchange Service*, 846 F.2d 746, 747 (Fed.Cir.1988); *Hedman v. United States*, 15 Cl.Ct. 304, 306 (1988). The burden is on plaintiff to establish jurisdiction. *Metzger, Shadyac & Schwartz v. United States*, 10 Cl.Ct. 107, 109 (1986). Furthermore, "[i]f the motion involves a factual attack on the jurisdictional allegations in the complaint, the court may receive competent evidence to resolve the factual dispute." *Land v. Dollar*, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Solar Turbines, Inc. v. United States*, 16 Cl.Ct. 304 (1989).

The pertinent jurisdictional statute in this case states that "[t]he [Claims Court] shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. This statute and 28 U.S.C. § 2513 must be read together. *Grayson v. United States*, 141 Ct.Cl. 866 (1958). 28 U.S.C. § 2513 provides:

(a) Any person suing under section 1495 of this title must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did

hundred dollars, or imprisoned not more than six months, or both.

not by misconduct or neglect cause or bring about his own prosecution.

(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

(c) No pardon or certified copy of a pardon shall be considered by the United States Claims Court unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.

(d) The Court may permit the plaintiff to prosecute such action in forma pauperis.

(e) The amount of damages awarded shall not exceed the sum of $5,000.

■ Limitations on governmental consent to suit must be strictly construed. *Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). The unjust conviction statute has always been strictly construed. *Vincin v. United States*, 468 F.2d 930, 199 Ct.Cl. 762, 766 (1972).

The purpose of these statutes is to partially right an irreparable wrong done to a United States citizen who was wrongfully imprisoned through financial compensation. *McLean v. United States*, 73 F.Supp. 775, 778 (D.C.S.C.1947). However, the legislative history indicates that Congress did not intend to indemnify every imprisoned person whose conviction had been set aside. *United States v. Keegan*, 71 F.Supp. 623, 635 (D.C.N.Y.1947). Former United States Attorney General Cummings, in a letter embodied in the Report of the Senate Judiciary Committee [Report No. 202, 75th Congress, 1st Session] elaborated on the purpose and intent of the Unjust Conviction Act:

Ideal justice would seem to require that in the rare and unusual instances in which a person has served the whole or part of a term of imprisonment, is later found to be entirely innocent of the crime of which he was convicted, should receive some redress. On the other hand, reversals in criminal cases are more frequently had on the ground of insufficiency of proof or on the question as to whether the facts charged and proven constituted an offense under some statute. Consequently, it would be necessary to separate from the group of persons whose convictions have been reversed, those few who are in fact innocent of any offense whatever.

Consequently, Congress attempted to accomplish this goal by requiring plaintiff to obtain a certificate of the court specifically reciting the requirements of 28 U.S.C. § 2513.[4] "Not only must these facts appear, but they must appear in a certain way, that is, by a certificate of the court or a pardon containing a recital of these facts." *Hadley v. United States*, 66 F.Supp. 140, 106 Ct.Cl. 819 (1946).

■ A United States district court, to which a plaintiff must petition to receive a certificate of innocence, cannot issue the certificate unless it is satisfied of that petitioner's innocence. A petitioner has the burden of proof of showing an entitlement to the certificate. *United States v. Keegan*, 71 F.Supp. 623, 636 (D.C.N.Y.1947). The court has broad discretion on whether to issue such a certificate. *Rigsbee v. United States*, 204 F.2d 70 (D.D.C.1953). The court in *Rigsbee* elaborated:

Not only must the plaintiff show in the Court of Claims that he was acquitted; he must also show that the trial judge thought he did not commit the acts charged or that, if he did, his acts were

---

**4.** The Court of Claims in *Hadley v. United States*, 66 F.Supp. 140, 106 Ct.Cl. 819 (1946), held that construction of § 2513(a)(2) requires that the certificate of the court establishing plaintiff's innocence must specifically recite (1) that plaintiff did not commit any of the acts with which he was charged, *and* (2) that his conduct did not constitute a crime against the United States or against the sovereignty within which the acts were committed. In contrast, the Fifth Circuit has construed these necessary recitations as disjunctive. *See Osborn v. United States*, 322 F.2d 835 (5th Cir.1963). The court need not reach the issue of whether these requirements should be interpreted as being disjunctive or conjunctive since the outcome of the case would not be affected by that interpretation. The writ of error *coram nobis* recites neither (1) nor (2) above.

justifiable and so not criminal. Thus, in effect, the statute requires that an expert thirteenth juror concur in the verdict of not guilty.

*Rigsbee v. United States,* 204 F.2d 70 (D.D.C.1953).[5]

■ The writ of error *coram nobis* which plaintiff submitted to satisfy the requirements of 28 U.S.C. § 2513 reads:

> Before the court is the Motion of Defendant, Larry Burgess, for a Writ of Error Coram Nobis. The United States has filed a Motion withdrawing its opposition to Defendant's Motion for Coram Nobis relief.
>
> Having considered the entire record herein, the memoranda of counsel, and the applicable law, especially the Fifth Circuit opinion in *United States v. Tonry,* 837 F.2d 1281 (5th Cir.1988), and for reasons in that opinion, Defendant's Motion for a Writ of Error Coram Nobis is hereby Granted. Wherefore;
>
> It is ordered that the judgment of conviction and sentence in the above captioned matter be and they are hereby vacated, recalled and set aside.

This document patently fails to recite any of the requirements of 28 U.S.C. § 2513 to obtain relief under the unjust conviction statute 28 U.S.C. § 1495.

Plaintiff argues that the Fifth Circuit's decision in *United States v. Tonry,* 837 F.2d 1281 (5th Cir.1988), which he alleges

was incorporated into the District Court's order, contains the required recitals of 28 U.S.C. § 2513.[6] However, that decision (reached by a divided court) also fails to recite or even mention the absolutely essential requirements of § 2513. The *Tonry* decision is only significant here because the court held that plaintiff was a non-Louisiana public official, and thus the Louisiana commercial bribery statute did not apply to him. The sole issue before the Fifth Circuit was whether Burgess was a "private" fiduciary within the meaning of the commercial bribery statute. Indeed, the entire decision turned on this issue. The Fifth Circuit's opinion did not state or even imply that plaintiff failed to commit any of the acts charged or that he did not commit any offense against the United States, or any State, Territory, or the District of Columbia. Nor does it appear from that opinion that the Fifth Circuit had determined or stated that neglect or misconduct did not bring about his own prosecution.[7] This is also true of the District Court's *coram nobis* order. Therefore, this court finds that because neither the *Tonry* decision nor the District Court's order granting *coram nobis* relief contain the necessary recitals of 28 U.S.C. § 2513, this court is without jurisdiction to grant plaintiff relief.[8]

## CONCLUSION

For the reasons stated in this opinion, defendant's motion to dismiss for lack of

---

**5.** Indeed, it appears that neither plaintiff nor the District Court, when *coram nobis* relief was obtained, ever considered whether plaintiff was wholly innocent of the acts with which he was charged. The parties essentially agreed at oral argument that the only thing the District Court and plaintiff had in mind was getting plaintiff out of prison.

**6.** In *Sinclair v. United States,* 124 Ct.Cl. 182 (1953), the court held that plaintiff had not produced a certificate of innocence. That court then analyzed, *arguendo,* whether the United States Supreme Court decision which reversed Sinclair's conviction would constitute a certificate of innocence, but found that that decision did not contain the necessary recitals of 28 U.S.C. § 2513. This court is essentially following that practice. We do note, however, that plaintiff has sufficient time to petition the District Court for the required certificate and refile in the Claims Court under 28 U.S.C. § 1495.

**7.** Moreover, the only statement of the Fifth Circuit relevant to the issue of whether Burgess' neglect or misconduct brought about his own prosecution was that "bribing of anyone is certainly ethically and morally repugnant. However, in this case, it was not illegal." *United States v. Tonry,* 837 F.2d 1281, 1285 (5th Cir. 1988). While the Fifth Circuit was referring to the actions of Tonry, that court certainly was not implying or stating that Burgess' conduct did not bring about his own prosecution. The *Tonry* case simply did not state the necessary recitals of 28 U.S.C. § 2513.

**8.** It is important to note that this court is not reaching the question of whether plaintiff committed the acts charged or whether plaintiff was innocent of any crime. This court simply holds that plaintiff has failed to furnish a certificate, court decision, or other document *reciting* the statutory requirements.

subject matter jurisdiction is granted and plaintiff's motion for partial summary judgment is denied as moot. The Clerk is directed to dismiss plaintiff's complaint without prejudice. No costs.